Filed 10/2/24  P. v. Williams CA3

NOT TO BE PUBLISHED

California Rules of Court, rule 8.1115(a), prohibits courts and parties from citing or relying on opinions not certified for publication or ordered published, except as specified by rule 8.1115(b).  This opinion has not been certified for publication or ordered published for purposes of rule 8.1115.

IN THE COURT OF APPEAL OF THE STATE OF CALIFORNIA

THIRD APPELLATE DISTRICT

(Sacramento)

----

| | |
|---|---|
| THE PEOPLE, | C100110 |
| Plaintiff and Respondent, | (Super. Ct. No. 94F04063) |
| v. | |
| BRIAN WILLIAMS, | |
| Defendant and Appellant. | |

In 1995, defendant Brian Williams was convicted of second degree murder.  He appeals the trial court's denial of his second petition for resentencing under Penal Code section 1172.6.[1]  His appellate counsel filed a brief raising no arguable issues under

---

[1]  Undesignated statutory references are to the Penal Code.

Effective June 30, 2022, the Legislature renumbered former section 1170.95 to section 1172.6 without substantive change.  (Stats. 2022, ch. 58, § 10.)  We refer to section 1172.6 throughout this opinion.

*People v. Delgadillo* (2022) 14 Cal.5th 216 and *People v. Wende* (1979) 25 Cal.3d 436 and asked that we exercise our discretion to review the record for arguable issues on appeal.

Defendant filed a supplemental brief raising numerous contentions of error in the denial of his petition. We have independently reviewed the contentions defendant raises in his supplemental brief in accordance with *Delgadillo* and conclude none of them have merit. We will affirm.

## FACTUAL AND PROCEDURAL BACKGROUND

*The Underlying Conviction*

In May 1994, defendant shot and killed his girlfriend's estranged husband. (*People v. Williams* (July 14, 1997, C021467) [nonpub. opn.] (*Williams I*).) He claimed he fired his gun to scare the victim during an argument.

In March 1995, defendant was charged by an amended information with murder (§ 187, subd. (a); count one) and unlawfully owning a firearm (former § 12021, subd. (a); count two). As to count one, it was further alleged defendant personally used a firearm. (§ 12022.5, subd. (a).) It was also alleged defendant had a prior strike and a prior serious felony. (§§ 667, subds. (a)-(i), 1170.12.)

In April 1995, defendant pleaded no contest to count two and admitted the prior strike and prior serious felony but went to jury trial on the murder count. During trial,[2] the court instructed the jury on second degree murder, manslaughter, and involuntary manslaughter. (CALJIC Nos. 1.01, 2.02, 3.31, 3.31.5, 8.10, 8.11, 8.31, 8.37, 8.40, 8.51, 17.31.) As to involuntary manslaughter, the court instructed the jury that an unlawful killing could include a killing committed during an act that was ordinarily lawful but

---

[2] We incorporate by reference the appellate record in *People v. Williams* (June 12, 2023, C092913) (nonpub. opn.) (*Williams II*); this is the record from defendant's direct appeal of his first section 1172.6 petition, discussed *post*.

2

involved a "high degree of risk of death or great bodily harm, without due caution and circumspection." (CALJIC No. 8.45.) The term "without due caution and circumspection" was defined in CALJIC No. 8.46, including the requirement that it must "appear that the [death] [danger to human life] was not the result of inattention, mistaken judgment or misadventure, but the natural and probable result of a[n] aggravated reckless or grossly negligent act." The jury was given the definition of gross negligence in CALJIC No. 3.36.[3] The trial court did not instruct the jury on the natural and probable consequences doctrine or felony murder (see CALJIC Nos. 8.32, 8.33, 8.34 [second degree felony murder], or CALJIC Nos. 8.34.1 and 8.34.2 [second degree murder under the natural and probable consequences doctrine], none of which were given here).

The jury found defendant guilty of second degree murder and found the firearm enhancement to be true.

In May 1995, the trial court sentenced defendant to state prison for an aggregate term of 30 years to life, plus 13 years. This court affirmed defendant's convictions on direct appeal but remanded the matter for the trial court to exercise its discretion as to a sentencing issue. (*Williams I*, *supra*, C021467.)

---

[3] The version of CALJIC No. 3.36 given states: "['Gross Negligence'] means conduct [that] is more than ordinary negligence. Ordinary negligence is the failure to exercise ordinary or reasonable care.

"['Gross Negligence'] refers to [a] negligent act[s] which [is] [are] aggravated, reckless and gross and which [is] [are] such a departure from what would be the conduct of an ordinarily prudent, careful person under the same circumstances as to be contrary to a proper regard for [human life] [danger to human life] or to constitute indifference to the consequences of such act[s]. The facts must be such that the consequences of the negligent act[s] could reasonably have been foreseen and it must appear that the [death] [danger to human life] was not the result of inattention, mistaken judgment or misadventure but the natural and probable result of an aggravated, reckless or grossly negligent act."

*The 2019 and 2022 Section 1172.6 Petitions*

Defendant filed a section 1172.6 petition in 2019 (first petition); the trial court denied it in September 2020. (*Williams II, supra,* C092913.) The court reasoned defendant was ineligible for relief because he was the actual killer, and no instructions had been given regarding felony murder or the natural and probable consequences theories. (*Ibid.*) Defendant appealed.

In October 2022, while his appeal of his first petition was still pending, defendant filed another section 1172.6 petition (second petition). He claimed the prosecutor argued to the jury in closing that discharging a firearm " 'was a grossly negligent thing to do at a minimum . . . gross reckless; . . . gross disregard for the life of [the victim].' " He added that the prosecutor argued: '[A]s I was saying, there is [*sic*] two ways to get to second degree murder . . . is that you don't have the actual intent to kill but your conduct is 'gross' and 'reckless' . . . then the law . . . imputes malice to the person.' "[4] Defendant contended that these comments, in combination with the instruction regarding gross negligence (CALJIC No. 3.36), signaled the prosecution "was proceeding on the felony-murder theory of discharging a firearm in a grossly negligent manner." As such, defendant argued he was entitled to relief.

In October 2023, after this court affirmed the denial of the first petition, the trial court denied defendant's second petition. The court noted it had denied the first petition because the jury was not instructed on accomplice liability, felony murder, or the natural and probable consequences doctrine. Further, after reviewing the appellate opinion, the trial court reasoned that the evidence presented at trial clearly indicated that defendant was the actual killer. It noted that this court had agreed with the trial court's rationale in affirming the denial of defendant's first petition and stated that it would deny defendant's

---

[4] The record on appeal does not contain a copy of the trial transcript referenced by defendant.

4

second petition for the same reasons, noting that actual killers are not eligible for section 1172.6 relief.

Defendant appealed from the denial of his second petition.

## DISCUSSION

We evaluate the specific arguments presented but need not independently review the record. (*People v. Delgadillo*, *supra*, 14 Cal.5th at pp. 228-232.)

Senate Bill No. 1437 (2017-2018 Reg. Sess.) (Senate Bill No. 1437), which became effective on January 1, 2019, "amend[ed] the felony murder rule and the natural and probable consequences doctrine, as it relates to murder, to ensure that murder liability is not imposed on a person who is not the actual killer, did not act with the intent to kill, or was not a major participant in the underlying felony who acted with reckless indifference to human life." (Stats. 2018, ch. 1015, § 1, subd. (f).)

Senate Bill No. 1437 also added section 1172.6, which allows those convicted of murder under a now-invalid theory of murder to petition the trial court to vacate the conviction and resentence the defendant. (§ 1172.6, subd. (a).) Upon submission of a section 1172.6 petition, "the court shall hold a hearing to determine whether the petitioner has made a prima facie case for relief. If the petitioner makes a prima facie showing that the petitioner is entitled to relief, the court shall issue an order to show cause." (§ 1172.6, subd. (c).)

The prima facie inquiry under section 1172.6, subdivision (c) is "limited." (*People v. Lewis* (2021) 11 Cal.5th 952, 971.) The court " ' "takes petitioner's factual allegations as true and makes a preliminary assessment regarding whether the petitioner would be entitled to relief if his or her factual allegations were proved." ' " (*Ibid.*) The court may rely on the record of conviction in determining whether defendant has made a prima facie showing, and " 'if the record, including the court's own documents, "contain[s] facts refuting the allegations made in the petition," then "the court is justified in making a credibility determination adverse to the petitioner." ' " (*Ibid.*; see also

5

*People v. Harden* (2022) 81 Cal.App.5th 45, 52 [it is appropriate for a court to deny a defendant's resentencing petition if the record shows the defendant is ineligible for relief as a matter of law].)  Still, the court "should not engage in 'factfinding involving the weighing of evidence or the exercise of discretion.' " (*Lewis*, at p. 972.)

We independently review the denial of a section 1172.6 petition at the prima facie stage.  (*People v. Ervin* (2021) 72 Cal.App.5th 90, 101.)

Defendant makes a number of arguments containing specific claims of error; we need address only his general claim of error in the trial court's summary denial of his second petition.  In relevant part, defendant argues the trial court erred because the jury instructions permitted the jury to convict him of second degree murder under a felony-murder theory.  In support of his argument, defendant points to CALJIC No. 3.36, set forth *ante* in footnote 3.  He also points to the portion of the prosecution's closing argument that we have described, *ante*, on which he relied in support of his second petition.

The jury found defendant guilty of second degree murder and found the firearm use enhancement to be true; defendant does not dispute that he was the sole shooter and actual killer.  As we have previously outlined, defendant's jury was repeatedly instructed that it could find him guilty of second degree murder only if it found that he acted with malice aforethought.  (CALJIC Nos. 8.10, 8.31.)  Express and implied malice were defined for the jury (CALJIC Nos. 8.11, 8.31), and the jury was instructed that it could not find defendant guilty of second degree murder unless there was a union between the act (of killing) and the intent, as set forth in the instructions (CALJIC Nos. 3.31, 3.31.5).  The jury was further instructed that, while defendant's mental state may be shown by the surrounding circumstances, it could find defendant guilty of second degree murder only if those circumstances could not be reconciled with any other rational conclusion. (CALJIC No. 2.02.)  We presume the jury understood and followed these instructions. (*People v. Williams* (2009) 170 Cal.App.4th 587, 635.)

6

Although the jury was also instructed that, if defendant unlawfully killed the victim without malice and without an intent to kill, a finding of involuntary manslaughter would be warranted (CALJIC No. 8.45), it did not choose this option. It chose second degree murder, a crime that required a finding of express or implied malice. There was simply no option of finding guilt for second degree murder on the theory that defendant killed the victim while engaged in an inherently dangerous felony but without express or implied malice.

The prosecutor's argument, assuming it is accurately quoted by defendant, does not change the analysis. The jury was never instructed on any predicate felony offense in the murder instructions, and, as we have described, the murder instructions required express or implied malice for conviction. (See *People v. Meneses* (2019) 41 Cal.App.5th 63, 73 ["in the context of the entire argument and jury instructions it was not reasonably likely the jury understood or applied the statement in an improper or erroneous manner"].) The record conclusively establishes defendant's conviction for malice murder, making him ineligible for resentencing relief as a matter of law.

Given this conclusion, we need not and do not address defendant's additional arguments of error; any of the errors claimed would be harmless given defendant's ineligibility as a matter of law.

## DISPOSITION

The trial court's order denying defendant's petition for resentencing is affirmed.

                                                   /s/
                                                Duarte, J.

We concur:


      /s/
Hull, Acting P. J.


      /s/
Renner, J.